1  Scott Edward Cole, Esq. (*pro hac vice* forthcoming)
   Laura Grace Van Note, Esq. (*pro hac vice* forthcoming)
2  Cody Alexander Bolce, Esq. (*pro hac vice* forthcoming)
   Julia Deutsch, Esq. (*pro hac vice* forthcoming)
3  **COLE & VAN NOTE**
   555 12th Street, Suite 1725
4  Oakland, California 94607
   Telephone: (510) 891-9800
5  Facsimile:  (510) 891-7030
   Email:  sec@colevannote.com
6  Email:  lvn@colevannote.com
   Email:  cab@colevannote.com
7  Email:  jkd@colevannote.com
   Web:   www.colevannote.com
8

9  Attorneys for Representative Plaintiff Deborah Strong
   and the Plaintiff Class
10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
FILED

SEP – 1 2022

NATHAN OCHSNER
CLERK OF COURT

11          **IN THE UNITED STATES DISTRICT COURT**

12  **FOR THE SOUTHERN DISTRICT OF TEXAS – BROWNSVILLE DIVISION**

13

14  DEBORAH STRONG, individually, and on behalf of all others similarly situated,

15                              Plaintiff,

16  vs.

17  VALLEY BAPTIST SERVICE CORPORATION, d.b.a. VALLEY
18  BAPTIST HEALTH SYSTEM,

19                              Defendant.

20

21

22

23

Case No.  **B-22-112**

**CLASS ACTION COMPLAINT**

**1. NEGLIGENCE;**
**2. INVASION OF PRIVACY;**
**3. BREACH OF CONFIDENCE;**
**4. BREACH OF IMPLIED CONTRACT;**
**5. BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING;**
**6. UNJUST ENRICHMENT;**
**7. TEXAS DECEPTIVE TRADE PRACTICES CONSUMER PROTECTION ACT**
**(Bus. & C. Code § 17.46(A), (B)(5), (7), *et seq.*;**
**8. VIOLATION OF STATE DATA BREACH STATUTES**

**[JURY TRIAL DEMANDED]**

24

25

26

27

28

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

-1-

COMPLAINT FOR DAMAGES,
INJUNCTIVE AND EQUITABLE RELIEF

1

2

3

4

5   Representative Plaintiff alleges as follows:

6   **INTRODUCTION**

7       1.      Representative Plaintiff Deborah Strong (collectively "Representative Plaintiff")

8   brings this class action against Defendant Valley Baptist Service Corporation, doing business as

9   Valley Baptist Health System ("Defendant") for its failure to properly secure and safeguard

10  Representative Plaintiff' and Class Members' personally identifiable information stored within

11  Defendant's information network, including, without limitation, medical information and records

12  including provider names, dates of service, medications, diagnosis information, medical visit

13  records, health insurance information, patient account numbers (these types of information, *inter*

14  *alia*, being hereafter referred to, collectively, as "personal health information" or "PHI"),[1] and full

15  names, dates of birth, and demographic information, (these latter types of information, *inter alia*,

16  being hereafter referred to, collectively, as "personally identifiable information" or "PII").[2]

17      2.      With this action, Representative Plaintiff seek to hold Defendant responsible for

18  the harms it caused and will continue to cause Representative Plaintiff and the countless other

19  similarly situated persons in the massive and preventable cyberattack that occurred between March

20  31, 2022 and April 24, 2022, by which cybercriminals infiltrated Defendant's inadequately

21

---

22  [1]  Personal health information ("PHI") is a category of information that refers to an individual's medical records and history, which is protected under the Health Insurance
23  Portability and Accountability Act. *Inter alia*, PHI includes test results, procedure descriptions, diagnoses, personal or family medical histories and data points applied to a
24  set of demographic information for a particular patient.
    [2]  Personally identifiable information ("PII") generally incorporates information that
25  can be used to distinguish or trace an individual's identity, either alone or when combined with other personal or identifying information. 2 C.F.R. § 200.79. At a minimum, it
26  includes all information that on its face expressly identifies an individual. PII also is generally defined to include certain identifiers that do not on their face name an
27  individual, but that are considered to be particularly sensitive and/or valuable if in the wrong hands (for example, Social Security numbers, passport numbers, driver's license
28  numbers, financial account numbers).

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12ᵗʰ STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

-2-

COMPLAINT FOR DAMAGES,
INJUNCTIVE AND EQUITABLE RELIEF

protected network servers and accessed highly sensitive PHI/PII and financial information which was being kept unprotected (the "Data Breach").

3.      Representative Plaintiff further seek to hold Defendant responsible for not ensuring that the PHI/PII was maintained in a manner consistent with industry, the Health Insurance Portability and Accountability Act of 1996 ("HIPPA") Privacy Rule (45 CFR, Parts 160 and 164(A) and (E)), the HIPPA Security Rule (45 CFR, Parts 160 and 164(A) and (C)), and other relevant standards.

4.      Defendant acquired, collected and stored Representative Plaintiff' and Class Members' PHI/PII and/or financial information in connection with their receiving healthcare services from Defendant. Therefore, at all relevant times, Defendant knew, or should have known, that Representative Plaintiff and Class Members would use Defendant's network to store and/or share sensitive data, including highly confidential PHI/PII.

5.      HIPAA establishes national minimum standards for the protection of individuals' medical records and other personal health information. HIPAA, generally, applies to health plans/insurers, health care clearinghouses, and those health care providers that conduct certain health care transactions electronically, and sets minimum standards for Defendant's maintenance of Representative Plaintiff' and Class Members' PHI/PII. More specifically, HIPAA requires appropriate safeguards be maintained by organizations such as Defendant to protect the privacy of personal health information and sets limits and conditions on the uses and disclosures that may be made of such information without customer/patient authorization. HIPAA also establishes a series of rights over PHI/PII, including rights to examine and obtain copies of health records, and to request corrections thereto.

6.      Additionally, the HIPAA Security Rule establishes national standards to protect individuals' electronic personal health information that is created, received, used, or maintained by a covered entity. The HIPAA Security Rule requires appropriate administrative, physical and technical safeguards to ensure the confidentiality, integrity, and security of electronic protected health information.

COMPLAINT FOR DAMAGES,
INJUNCTIVE AND EQUITABLE RELIEF

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

7. By obtaining, collecting, using, and deriving a benefit from Representative Plaintiff' and Class Members' PHI/PII, Defendant assumed legal and equitable duties to those individuals. These duties arise from HIPAA and other state and federal statutes and regulations as well as common law principles. Representative Plaintiff do not bring claims in this action for direct violations of HIPAA, but charges Defendant with various legal violations merely predicated upon the duties set forth in HIPAA.

8. Defendant disregarded the rights of Representative Plaintiff and Class Members by intentionally, willfully, recklessly, or negligently failing to take and implement adequate and reasonable measures to ensure that Representative Plaintiff's and Class Members' PHI/PII was safeguarded, failing to take available steps to prevent an unauthorized disclosure of data, and failing to follow applicable, required and appropriate protocols, policies and procedures regarding the encryption of data, even for internal use. As a result, the PHI/PII of Representative Plaintiff and Class Members was compromised through disclosure to an unknown and unauthorized third party—an undoubtedly nefarious third party that seeks to profit off this disclosure by defrauding Representative Plaintiff and Class Members in the future. Representative Plaintiff and Class Members have a continuing interest in ensuring that their information is and remains safe, and they are entitled to injunctive and other equitable relief.

**JURISDICTION AND VENUE**

9. Jurisdiction is proper in this Court under 28 U.S.C. §1332 (diversity jurisdiction). Specifically, this Court has subject matter and diversity jurisdiction over this action under 28 U.S.C. § 1332(d) because this is a class action where the amount in controversy exceeds the sum or value of $5 million, exclusive of interest and costs, there are more than 100 members in the proposed class, and at least one other Class Member is a citizen of a state different from Defendant.

10. Supplemental jurisdiction to adjudicate issues pertaining to Texas state law is proper in this Court under 28 U.S.C. §1367.

COMPLAINT FOR DAMAGES,
INJUNCTIVE AND EQUITABLE RELIEF

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

11.    Defendant is domiciled in this state for purposes of personal jurisdiction. It is headquartered in and has its principal place of business in this judicial district. Defendant is at home in Texas and in this judicial district and subject to this Court's jurisdiction.

12.    Venue is proper in this Court under 28 U.S.C. § 1391 because the events that gave rise to Representative Plaintiff's claims took place within the Southern District of Texas, and Defendant does business in this Judicial District.

**PLAINTIFF**

13.    Representative Plaintiff Strong is an adult individual and, at all relevant times herein, a resident of the State of Texas. Representative Plaintiff Strong is a victim of the Data Breach.

14.    Defendant received highly sensitive personal information from Representative Plaintiff in connection with its provision of medical care. As a result, Representative Plaintiff's information was among the data accessed by an unauthorized third-party in the Data Breach.

15.    At all times herein relevant, Representative Plaintiff were and are members of each of the Classes.

16.    As required in order to obtain services from Defendant, Representative Plaintiff provided Defendant with highly sensitive personal, financial, health, and insurance information.

17.    Representative Plaintiff's PHI/PII was exposed in the Data Breach because Defendant stored and/or shared Representative Plaintiff's PHI/PII and financial information. Her PHI/PII and financial information was within the possession and control of Defendant at the time of the Data Breach.

18.    As a result, Representative Plaintiff spent time dealing with the consequences of the Data Breach, which included and continues to include, time spent verifying the legitimacy and impact of the Data Breach, exploring credit monitoring and identity theft insurance options, self-monitoring her accounts, and seeking legal counsel regarding her options for remedying and/or mitigating the effects of the Data Breach. This time has been lost forever and cannot be recaptured.

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

-5-

COMPLAINT FOR DAMAGES,
INJUNCTIVE AND EQUITABLE RELIEF

19.     Representative Plaintiff suffered actual injury in the form of damages to and diminution in the value of her PHI/PII—a form of intangible property that she entrusted to Defendant, which was compromised in and as a result of the Data Breach.

20.     Representative Plaintiff suffered lost time, annoyance, interference, and inconvenience as a result of the Data Breach and has anxiety and increased concerns for the loss of her privacy, as well as anxiety over the impact of cybercriminals accessing and using her PHI/PII and/or financial information.

21.     Representative Plaintiff suffered imminent and impending injury arising from the substantially increased risk of fraud, identity theft, and misuse resulting from her PHI/PII and financial information, in combination with her name, being placed in the hands of unauthorized third-parties and criminals.

22.     Representative Plaintiff have a continuing interest in ensuring that her PHI/PII and financial information, which, upon information and belief, remains backed up in Defendant's possession, is protected and safeguarded from future breaches.

**DEFENDANT**

23.     Defendant is a Texas nonprofit corporation with a principal place of business located at 1267 North Stuart Place Road in Harlingen, Texas 78552. Defendant does business as Valley Baptist Health System which includes two Valley Baptist Medical Center locations. Defendant provides urgent care, clinical medical and behavioral health services, and other healthcare services to community members.

24.     The true names and capacities of persons or entities, whether individual, corporate, associate, or otherwise, who may be responsible for some of the claims alleged here are currently unknown to Representative Plaintiff. Representative Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of such other responsible parties when their identities become known.

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

-6-

COMPLAINT FOR DAMAGES,
INJUNCTIVE AND EQUITABLE RELIEF

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

## CLASS ACTION ALLEGATIONS

25.    Representative Plaintiff bring this action pursuant to the provisions of Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure, on behalf of themselves and the following classes/subclass(es) (collectively, the "Class"):

**Nationwide Class:**
"All individuals within the United States of America whose PHI/PII and/or financial information was exposed to unauthorized third-parties as a result of the data breach that occurred between March 31, 2022 and April 24, 2022."

**Texas Subclass:**
"All individuals within the State of Texas whose PHI/PII was stored by Defendant and/or was exposed to unauthorized third parties as a result of the data breach occurred between March 31, 2022 and April 24, 2022."

26.    Excluded from the Classes are the following individuals and/or entities: Defendant and Defendant's parents, subsidiaries, affiliates, officers and directors, and any entity in which Defendant has a controlling interest; all individuals who make a timely election to be excluded from this proceeding using the correct protocol for opting out; any and all federal, state or local governments, including but not limited to its departments, agencies, divisions, bureaus, boards, sections, groups, counsels and/or subdivisions; and all judges assigned to hear any aspect of this litigation, as well as their immediate family members.

27.    Also, in the alternative, Representative Plaintiff request additional Subclasses as necessary based on the types of PII/PHI that were compromised.

28.    Representative Plaintiff reserve the right to amend the above definition or to propose subclasses in subsequent pleadings and motions for class certification.

29.    This action has been brought and may properly be maintained as a class action under Federal Rule of Civil Procedure Rule 23 because there is a well-defined community of interest in the litigation and membership in the proposed classes is easily ascertainable.

a.    Numerosity: A class action is the only available method for the fair and efficient adjudication of this controversy. The members of the Plaintiff Classes are so numerous that joinder of all members is impractical, if not impossible. Representative Plaintiff are informed and believe and, on that basis, allege that the total number of Class Members is in the hundreds of

-7-

COMPLAINT FOR DAMAGES,
INJUNCTIVE AND EQUITABLE RELIEF

thousands of individuals. Membership in the classes will be determined by analysis of Defendant's records.

b.    Commonality: Representative Plaintiff and the Class Members share a community of interests in that there are numerous common questions and issues of fact and law which predominate over any questions and issues solely affecting individual members, including, but not necessarily limited to:

1)    Whether Defendant had a legal duty to Representative Plaintiff and the Classes to exercise due care in collecting, storing, using and/or safeguarding their PII/PHI;

2)    Whether Defendant knew or should have known of the susceptibility of its data security systems to a data breach;

3)    Whether Defendant's security procedures and practices to protect its systems were reasonable in light of the measures recommended by data security experts;

4)    Whether Defendant's failure to implement adequate data security measures allowed the Data Breach to occur;

5)    Whether Defendant failed to comply with its own policies and applicable laws, regulations, and industry standards relating to data security;

6)    Whether Defendant adequately, promptly, and accurately informed Representative Plaintiff and Class Members that their PII/PHI had been compromised;

7)    How and when Defendant actually learned of the Data Breach;
8)    Whether Defendant's conduct, including its failure to act, resulted in or was the proximate cause of the breach of its systems, resulting in the loss of the PII/PHI of Representative Plaintiff and Class Members;

9)    Whether Defendant adequately addressed and fixed the vulnerabilities which permitted the Data Breach to occur;

10)    Whether Defendant engaged in unfair, unlawful, or deceptive practices by failing to safeguard the PII/PHI of Representative Plaintiff and Class Members;

11)    Whether Representative Plaintiff and Class Members are entitled to actual and/or statutory damages and/or whether injunctive, corrective and/or declaratory relief and/or an accounting is/are appropriate as a result of Defendant's wrongful conduct;

12)    Whether Representative Plaintiff and Class Members are entitled to restitution as a result of Defendant's wrongful conduct.

c.    Typicality: Representative Plaintiff's claims are typical of the claims of the Plaintiff Classes. Representative Plaintiff and all members of the Plaintiff Classes sustained damages arising out of and caused by Defendant's common course of conduct in violation of law, as alleged herein.

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

-8-

COMPLAINT FOR DAMAGES,
INJUNCTIVE AND EQUITABLE RELIEF

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

    d.    Adequacy of Representation: Representative Plaintiff in this class action are adequate representatives of each of the Plaintiff Classes in that the Representative Plaintiff have the same interest in the litigation of this case as the Class Members, are committed to vigorous prosecution of this case and have retained competent counsel who are experienced in conducting litigation of this nature. Representative Plaintiff are not subject to any individual defenses unique from those conceivably applicable to other Class Members or the classes in its entirety. Representative Plaintiff anticipate no management difficulties in this litigation.

    e.    Superiority of Class Action: Since the damages suffered by individual Class Members, while not inconsequential, may be relatively small, the expense and burden of individual litigation by each member makes or may make it impractical for members of the Plaintiff Classes to seek redress individually for the wrongful conduct alleged herein. Should separate actions be brought or be required to be brought, by each individual member of the Plaintiff classes, the resulting multiplicity of lawsuits would cause undue hardship and expense for the Court and the litigants. The prosecution of separate actions would also create a risk of inconsistent rulings which might be dispositive of the interests of other Class Members who are not parties to the adjudications and/or may substantially impede their ability to adequately protect their interests.

30.    This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to Class Members, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class Members and making final injunctive relief appropriate with respect to the Class(es) in its/their entirety. Defendant's policies and practices challenged herein apply to and affect Class Members uniformly and Representative Plaintiff's challenge of these policies and practices hinges on Defendant's conduct with respect to the Class(es) in its/their entirety, not on facts or law applicable only to Representative Plaintiff.

31.    Unless a Class-wide injunction is issued, Defendant may continue in its failure to properly secure the PHI/PII and/or financial information of Class Members, and Defendant may continue to act unlawfully as set forth in this Complaint.

32.    Further, Defendant has acted or refused to act on grounds generally applicable to the Classes and, accordingly, final injunctive or corresponding declaratory relief with regard to the Class Members as a whole is appropriate under Rule 23(b)(2) of the Federal Rules of Civil Procedure.

COMPLAINT FOR DAMAGES,
INJUNCTIVE AND EQUITABLE RELIEF

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

COMPLAINT FOR DAMAGES,
INJUNCTIVE AND EQUITABLE RELIEF

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

## COMMON FACTUAL ALLEGATIONS

**The Cyberattack**

33.     In the course of the Data Breach, one or more unauthorized third-parties accessed Class Members' sensitive data including, but not limited to, Social Security numbers, health insurance identification numbers, demographic information, and medical information. Representative Plaintiff were among the individuals whose data was accessed in the Data Breach.

34.     Defendant provided this information in notices to Representative Plaintiff dated August 12, 2022.

35.     Upon information and belief, the unauthorized third-party cybercriminals gained access to Representative Plaintiff's and Class Members' PHI/PII and financial information with the intent of engaging in misuse of the PHI/PII and financial information, including marketing and selling Representative Plaintiff's and Class Members' PHI/PII.

36.     Defendant had and continues to have obligations created by HIPAA, reasonable industry standards, common law, state statutory law, and its own assurances and representations to keep Representative Plaintiff's and Class Members' PHI/PII confidential and to protect such PHI/PII from unauthorized access.

37.     Representative Plaintiff and Class Members were required to provide their PHI/PII and financial information to Defendant with the reasonable expectation and mutual understanding that Defendant would comply with its obligations to keep such information confidential and secure from unauthorized access.

38.     Despite this, Representative Plaintiff and the Class Members remain, even today, in the dark regarding what particular data was stolen, the particular malware used, and what steps are being taken, if any, to secure their PHI/PII and financial information going forward. Representative Plaintiff and Class Members are left to speculate as to the full impact of the Data Breach and how exactly Defendant intends to enhance its information security systems and monitoring capabilities so as to prevent further breaches.

39.     Representative Plaintiff's and Class Members' PHI/PII and financial information may end up for sale on the dark web, or simply fall into the hands of companies that will use the

-11-

COMPLAINT FOR DAMAGES,
INJUNCTIVE AND EQUITABLE RELIEF

1  detailed PHI/PII and financial information for targeted marketing without the approval of

2  Representative Plaintiff and/or Class Members. Either way, unauthorized individuals can now

3  easily access the PHI/PII and/or financial information of Representative Plaintiff and Class

4  Members.

5

6  **Defendant Collected/Stored Class Members' PHI/PII and Financial Information**

7      40.    Defendant acquired, collected, and stored and assured reasonable security over

8  Representative Plaintiff's and Class Members' PHI/PII and financial information.

9      41.    As a condition of its relationships with Representative Plaintiff and Class Members,

10  Defendant required that Representative Plaintiff and Class Members entrust Defendant with highly

11  sensitive and confidential PHI/PII and financial information.

12      42.    By obtaining, collecting, and storing Representative Plaintiff's and Class Members'

13  PHI/PII and financial information, Defendant assumed legal and equitable duties and knew or

14  should have known that they were thereafter responsible for protecting Representative Plaintiff's

15  and Class Members' PHI/PII and financial information from unauthorized disclosure.

16      43.    Representative Plaintiff and Class Members have taken reasonable steps to

17  maintain the confidentiality of their PHI/PII and financial information. Representative Plaintiff

18  and Class Members relied on Defendant to keep their PHI/PII and financial information

19  confidential and securely maintained, to use this information for business and healthcare purposes

20  only, and to make only authorized disclosures of this information.

21      44.    Defendant's privacy policy provides that is "committed to protecting the

22  confidentiality of your medical information and are required by law to do so."[3] Defendant provides

23  a detailed list of purposes for which it may share patient information, such as for treatment or to

24  facilitate payment. None of the circumstances involve the disclosure to unauthorized third parties.

25

26

27

28  _____
[3] Notice of Privacy Practices, available at: https://www.yumaregional.org/About-Us/Notice-of-Privacy-Practices (last accessed June 16, 2022).

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL. (510) 891-9800

-12-

COMPLAINT FOR DAMAGES,
INJUNCTIVE AND EQUITABLE RELIEF

45.     Defendant could have prevented the Data Breach by properly securing and encrypting and/or more securely encrypting its servers generally, as well as Representative Plaintiff's and Class Members' PHI/PII and financial information.

46.     Defendant's negligence in safeguarding Representative Plaintiff's and Class Members' PHI/PII and financial information is exacerbated by repeated warnings and alerts directed to protecting and securing sensitive data, as evidenced by the trending data breach attacks in recent years.

47.     The healthcare industry has experienced a large number of high-profile cyberattacks even in just the short period preceding the filing of this Complaint and cyberattacks, generally, have become increasingly more common. More healthcare data breaches were reported in 2020 than in any other year, showing a 25% increase.[4] Additionally, according to the HIPAA Journal, the largest healthcare data breaches have been reported in April 2021.[5]

48.     For example, Universal Health Services experienced a cyberattack on September 29, 2020 that appears similar to the attack on Defendant. As a result of this attack, Universal Health Services suffered a four-week outage of its systems which caused as much as $67 million in recovery costs and lost revenue.[6]

49.     Due to the high-profile nature of these breaches, and other breaches of its kind, Defendant was and/or certainly should have been on notice and aware of such attacks occurring in the healthcare industry and, therefore, should have assumed and adequately performed the duty of preparing for such an imminent attack. This is especially true given that Defendant is a large, sophisticated operations with the resources to put adequate data security protocols in place.

50.     Yet, despite the prevalence of public announcements of data breach and data security compromises, Defendant failed to take appropriate steps to protect Representative Plaintiff's and Class Members' PHI/PII and financial information from being compromised.

---

[4] https://www.hipaajournal.com/2020-healthcare-data-breach-report-us/ (last accessed November 5, 2021).
[5] https://www.hipaajournal.com/april-2021-healthcare-data-breach-report/ (last accessed November 5, 2021).
[6] https://ir.uhsinc.com/news-releases/news-release-details/universal-health-services-inc-reports-2020-fourth-quarter-and (last accessed November 5, 2021).

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

-13-

COMPLAINT FOR DAMAGES,
INJUNCTIVE AND EQUITABLE RELIEF

**Defendant Had an Obligation to Protect the Stolen Information**

51.    Defendant's failure to adequately secure Representative Plaintiff's and Class Members' sensitive data breaches duties it owes Representative Plaintiff and Class Members under statutory and common law. Under HIPAA, health insurance providers have an affirmative duty to keep patients' Protected Health Information private. As a covered entity, Defendant has a statutory duty under HIPAA and other federal and state statutes to safeguard Representative Plaintiff's and Class Members' data. Moreover, Representative Plaintiff and Class Members surrendered their highly sensitive personal data to Defendant under the implied condition that Defendant would keep it private and secure. Accordingly, Defendant also has an implied duty to safeguard their data, independent of any statute.

52.    Because Defendant is covered by HIPAA (45 C.F.R. § 160.102), it is required to comply with the HIPAA Privacy Rule, 45 C.F.R. Part 160 and Part 164, Subparts A and E ("Standards for Privacy of Individually Identifiable Health Information"), and Security Rule ("Security Standards for the Protection of Electronic Protected Health Information"), 45 C.F.R. Part 160 and Part 164, Subparts A and C.

53.    HIPAA's Privacy Rule or Standards for Privacy of Individually Identifiable Health Information establishes national standards for the protection of health information.

54.    HIPAA's Privacy Rule or Security Standards for the Protection of Electronic Protected Health Information establishes a national set of security standards for protecting health information that is kept or transferred in electronic form.

55.    HIPAA requires Defendant to "comply with the applicable standards, implementation specifications, and requirements" of HIPAA "with respect to electronic protected health information." 45 C.F.R. § 164.302.

56.    "Electronic protected health information" is "individually identifiable health information … that is (i) transmitted by electronic media; maintained in electronic media." 45 C.F.R. § 160.103.

57.    HIPAA's Security Rule requires Defendant to do the following:

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

COMPLAINT FOR DAMAGES,
INJUNCTIVE AND EQUITABLE RELIEF

a. Ensure the confidentiality, integrity, and availability of all electronic protected health information the covered entity or business associate creates, receives, maintains, or transmits;

b. Protect against any reasonably anticipated threats or hazards to the security or integrity of such information;

c. Protect against any reasonably anticipated uses or disclosures of such information that are not permitted; and

d. Ensure compliance by its workforce.

58.    HIPAA also requires Defendant to "review and modify the security measures implemented … as needed to continue provision of reasonable and appropriate protection of electronic protected health information" under 45 C.F.R. § 164.306(e), and to "[i]mplement technical policies and procedures for electronic information systems that maintain electronic protected health information to allow access only to those persons or software programs that have been granted access rights." 45 C.F.R. § 164.312(a)(1).

59.    Moreover, the HIPAA Breach Notification Rule, 45 C.F.R. §§ 164.400-414, requires Defendant to provide notice of the Data Breach to each affected individual "without unreasonable delay and in no case later than 60 days following discovery of the breach."

60.    Defendant was also prohibited by the Federal Trade Commission Act (the "FTC Act") (15 U.S.C. § 45) from engaging in "unfair or deceptive acts or practices in or affecting commerce." The Federal Trade Commission (the "FTC") has concluded that a company's failure to maintain reasonable and appropriate data security for consumers' sensitive personal information is an "unfair practice" in violation of the FTC Act. See, e.g., *FTC v. Wyndham Worldwide Corp.*, 799 F.3d 236 (3d Cir. 2015).

61.    In addition to its obligations under federal and state laws, Defendant owed a duty to Representative Plaintiff and Class Members to exercise reasonable care in obtaining, retaining, securing, safeguarding, deleting, and protecting the PHI/PII and financial information in Defendant's possession from being compromised, lost, stolen, accessed, and misused by unauthorized persons. Defendant owed a duty to Representative Plaintiff and Class Members to

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

-15-

COMPLAINT FOR DAMAGES,
INJUNCTIVE AND EQUITABLE RELIEF

provide reasonable security, including consistency with industry standards and requirements, and to ensure that its computer systems, networks, and protocols adequately protected the PHI/PII and financial information of Representative Plaintiff and Class Members.

62.     Defendant owed a duty to Representative Plaintiff and Class Members to design, maintain, and test its computer systems, servers and networks to ensure that the PHI/PII and financial information in its possession was adequately secured and protected.

63.     Defendant owed a duty to Representative Plaintiff and Class Members to create and implement reasonable data security practices and procedures to protect the PHI/PII and financial information in its possession, including not sharing information with other entities who maintained sub-standard data security systems.

64.     Defendant owed a duty to Representative Plaintiff and Class Members to implement processes that would immediately detect a breach on its data security systems in a timely manner.

65.     Defendant owed a duty to Representative Plaintiff and Class Members to act upon data security warnings and alerts in a timely fashion.

66.     Defendant owed a duty to Representative Plaintiff and Class Members to disclose if its computer systems and data security practices were inadequate to safeguard individuals' PHI/PII and/or financial information from theft because such an inadequacy would be a material fact in the decision to entrust this PHI/PII and/or financial information to Defendant.

67.     Defendant owed a duty of care to Representative Plaintiff and Class Members because they were foreseeable and probable victims of any inadequate data security practices.

68.     Defendant owed a duty to Representative Plaintiff and Class Members to encrypt and/or more reliably encrypt Representative Plaintiff's and Class Members' PHI/PII and financial information and monitor user behavior and activity in order to identity possible threats.

**Value of the Relevant Sensitive Information**

69.     While the greater efficiency of electronic health records translates to cost savings for providers, it also comes with the risk of privacy breaches. These electronic health records

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

COMPLAINT FOR DAMAGES,
INJUNCTIVE AND EQUITABLE RELIEF

1    contain a plethora of sensitive information (e.g., patient data, patient diagnosis, lab results, RX's,

2    treatment plans) that is valuable to cyber criminals. One patient's complete record can be sold for

3    hundreds of dollars on the dark web. As such, PHI/PII and financial information are valuable

4    commodities for which a "cyber black market" exists in which criminals openly post stolen

5    payment card numbers, Social Security numbers, and other personal information on a number of

6    underground internet websites. Unsurprisingly, the healthcare industry is at high risk for and

7    acutely affected by cyberattacks.

8        70.    The high value of PHI/PII and financial information to criminals is further

9    evidenced by the prices they will pay through the dark web. Numerous sources cite dark web

10   pricing for stolen identity credentials. For example, personal information can be sold at a price

11   ranging from $40 to $200, and bank details have a price range of $50 to $200.[7] Experian reports

12   that a stolen credit or debit card number can sell for $5 to $110 on the dark web.[8] Criminals can

13   also purchase access to entire company data breaches from $999 to $4,995.[9]

14       71.    Between 2005 and 2019, at least 249 million people were affected by health care

15   data breaches.[10] Indeed, during 2019 alone, over 41 million healthcare records were exposed,

16   stolen, or unlawfully disclosed in 505 data breaches.[11] In short, these sorts of data breaches are

17   increasingly common, especially among healthcare systems, which account for 30.03% of overall

18   health data breaches, according to cybersecurity firm Tenable.[12]

19

20

---

21   [7] *Your personal data is for sale on the dark web. Here's how much it costs,* Digital Trends, Oct. 16, 2019, *available at:* https://www.digitaltrends.com/computing/personal-data-sold-on-the- dark-web-how-much-it-costs/ (last accessed July 28, 2021).

22   [8] *Here's How Much Your Personal Information Is Selling for on the Dark Web,* Experian, Dec. 6, 2017, *available at:* https://www.experian.com/blogs/ask-experian/heres-how-much-your-

23   personal-information-is-selling-for-on-the-dark-web/ (last accessed November 5, 2021).

24   [9] *In the Dark,* VPNOverview, 2019, *available at:* https://vpnoverview.com/privacy/anonymous-browsing/in-the-dark/ (last accessed January 21, 2022).

25   [10] https://www.ncbi.nlm.nih.gov/pmc/articles/PMC7349636/#B5-healthcare-08-00133

26   (last accessed January 21, 2022).

27   [11] https://www.hipaajournal.com/december-2019-healthcare-data-breach-report/ (last accessed January 21, 2022).

28   [12] https://www.tenable.com/blog/healthcare-security-ransomware-plays-a-prominent-role-in-covid-19-era-breaches (last accessed January 21, 2022).

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

COMPLAINT FOR DAMAGES,
INJUNCTIVE AND EQUITABLE RELIEF

72.    These criminal activities have and will result in devastating financial and personal losses to Representative Plaintiff and Class Members. For example, it is believed that certain PHI/PII compromised in the 2017 Experian data breach was being used, three years later, by identity thieves to apply for COVID-19-related benefits in the state of Oklahoma. Such fraud will be an omnipresent threat for Representative Plaintiff and Class Members for the rest of their lives. They will need to remain constantly vigilant.

73.    The FTC defines identity theft as "a fraud committed or attempted using the identifying information of another person without authority." The FTC describes "identifying information" as "any name or number that may be used, alone or in conjunction with any other information, to identify a specific person," including, among other things, "[n]ame, Social Security number, date of birth, official State or government issued driver's license or identification number, alien registration number, government passport number, employer or taxpayer identification number."

74.    Identity thieves can use PHI/PII and financial information, such as that of Representative Plaintiff and Class Members which Defendant failed to keep secure, to perpetrate a variety of crimes that harm victims. For instance, identity thieves may commit various types of government fraud such as immigration fraud, obtaining a driver's license or identification card in the victim's name but with another's picture, using the victim's information to obtain government benefits, or filing a fraudulent tax return using the victim's information to obtain a fraudulent refund.

75.    The ramifications of Defendant's failure to keep secure Representative Plaintiff's and Class Members' PHI/PII and financial information are long lasting and severe. Once PHI/PII and financial information is stolen, particularly identification numbers, fraudulent use of that information and damage to victims may continue for years. Indeed, the PHI/PII and/or financial information of Representative Plaintiff and Class Members was taken by hackers to engage in identity theft or to sell it to other criminals who will purchase the PHI/PII and/or financial information for that purpose. The fraudulent activity resulting from the Data Breach may not come to light for years.

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

-18-

COMPLAINT FOR DAMAGES,
INJUNCTIVE AND EQUITABLE RELIEF

76.     There may be a time lag between when harm occurs versus when it is discovered, and also between when PHI/PII and/or financial information is stolen and when it is used. According to the U.S. Government Accountability Office ("GAO"), which conducted a study regarding data breaches:

> [L]aw enforcement officials told us that in some cases, stolen data may be held for up to a year or more before being used to commit identity theft. Further, once stolen data have been sold or posted on the Web, fraudulent use of that information may continue for years. As a result, studies that attempt to measure the harm resulting from data breaches cannot necessarily rule out all future harm.[13]

77.     The harm to Representative Plaintiff and Class Members is especially acute given the nature of the leaked data. Medical identity theft is one of the most common, most expensive, and most difficult-to-prevent forms of identity theft. According to Kaiser Health News, "medical-related identity theft accounted for 43 percent of all identity thefts reported in the United States in 2013," which is more than identity thefts involving banking and finance, the government and the military, or education.[14]

78.     "Medical identity theft is a growing and dangerous crime that leaves its victims with little to no recourse for recovery," reported Pam Dixon, executive director of World Privacy Forum. "Victims often experience financial repercussions and worse yet, they frequently discover erroneous information has been added to their personal medical files due to the thief's activities."[15]

79.     If cyber criminals manage to access financial information, health insurance information and other personally sensitive data—as they did here—there is no limit to the amount of fraud to which Defendant may have exposed Representative Plaintiff and Class Members.

80.     A study by Experian found that the average total cost of medical identity theft is "about $20,000" per incident, and that a majority of victims of medical identity theft were forced

---

[13] *Report to Congressional Requesters*, GAO, at 29 (June 2007), *available at:* http://www.gao.gov/new.items/d07737.pdf (last accessed January 21, 2022).
[14] Michael Ollove, "The Rise of Medical Identity Theft in Healthcare," Kaiser Health News, Feb. 7, 2014, https://khn.org/news/rise-of-indentity-theft/ (last accessed January 21, 2022).
[15] *Id.*

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

-19-

COMPLAINT FOR DAMAGES,
INJUNCTIVE AND EQUITABLE RELIEF

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

1  to pay out-of-pocket costs for healthcare they did not receive in order to restore coverage.[16] Almost

2  half of medical identity theft victims lose their healthcare coverage as a result of the incident, while

3  nearly one-third saw their insurance premiums rise, and forty percent were never able to resolve

4  their identity theft at all.[17]

5        81.    And data breaches are preventable.[18] As Lucy Thompson wrote in the DATA

6  BREACH AND ENCRYPTION HANDBOOK, "[i]n almost all cases, the data breaches that occurred could

7  have been prevented by proper planning and the correct design and implementation of appropriate

8  security solutions."[19] She added that "[o]rganizations that collect, use, store, and share sensitive

9  personal data must accept responsibility for protecting the information and ensuring that it is not

10  compromised . . . ."[20]

11        82.    Most of the reported data breaches are a result of lax security and the failure to

12  create or enforce appropriate security policies, rules, and procedures … Appropriate information

13  security controls, including encryption, must be implemented and enforced in a rigorous and

14  disciplined manner so that a *data breach never occurs*."[21]

15        83.    Here, Defendant knew of the importance of safeguarding PHI/PII and financial

16  information and of the foreseeable consequences that would occur if Representative Plaintiff's and

17  Class Members' PHI/PII and financial information was stolen, including the significant costs that

18  would be placed on Representative Plaintiff and Class Members as a result of a breach of this

19  magnitude. As detailed above, Defendant are large, sophisticated organizations with the resources

20  to deploy robust cybersecurity protocols. It knew, or should have known, that the development and

21  use of such protocols were necessary to fulfill its statutory and common law duties to

22

23  [16]  See Elinor Mills, "Study: Medical Identity Theft is Costly for Victims," CNET (Mar, 3, 2010), https://www.cnet.com/news/study-medical-identity-theft-is-costly-for-victims/ (last accessed January 21, 2022).

24  [17]  Id.; see also Healthcare Data Breach: What to Know About them and What to Do

25  After One, EXPERIAN, https://www.experian.com/blogs/ask-experian/healthcare-data-breach-what-to-know-about-them-and-what-to-do-after-one/ (last accessed January 21, 2022).

26  [18]  Lucy L. Thompson, "Despite the Alarming Trends, Data Breaches Are Preventable," *in* DATA BREACH AND ENCRYPTION HANDBOOK (Lucy Thompson, ed., 2012)

27  [19]  *Id.* at 17.

28  [20]  *Id.* at 28.
[21]  *Id.*

COMPLAINT FOR DAMAGES,
INJUNCTIVE AND EQUITABLE RELIEF

1 Representative Plaintiff and Class Members. Its failure to do so is, therefore, intentional, willful,

2 reckless and/or grossly negligent.

3    84.  Defendant disregarded the rights of Representative Plaintiff and Class Members by,

4 *inter alia*, (i) intentionally, willfully, recklessly, or negligently failing to take adequate and

5 reasonable measures to ensure that its network servers were protected against unauthorized

6 intrusions; (ii) failing to disclose that they did not have adequately robust security protocols and

7 training practices in place to adequately safeguard Representative Plaintiff's and Class Members'

8 PHI/PII and/or financial information; (iii) failing to take standard and reasonably available steps

9 to prevent the Data Breach; (iv) concealing the existence and extent of the Data Breach for an

10 unreasonable duration of time; and (v) failing to provide Representative Plaintiff and Class

11 Members prompt and accurate notice of the Data Breach.

12

13          **FIRST CLAIM FOR RELIEF**
                **Negligence**

14       **(On behalf of the Nationwide Class)**

15    85.  Each and every allegation of the preceding paragraphs is incorporated in this cause

16 of action with the same force and effect as though fully set forth herein.

17    86.  At all times herein relevant, Defendant owed Representative Plaintiff and Class

18 Members a duty of care, *inter alia*, to act with reasonable care to secure and safeguard their PHI/PII

19 and financial information and to use commercially reasonable methods to do so. Defendant took

20 on this obligation upon accepting and storing the PHI/PII and financial information of

21 Representative Plaintiff and Class Members in its computer systems and on its networks.

22    87.  Among these duties, Defendant were expected:

23      a.  to exercise reasonable care in obtaining, retaining, securing, safeguarding,
24         deleting and protecting the PHI/PII and financial information in its
         possession;

25      b.  to protect Representative Plaintiff's and Class Members' PHI/PII and
         financial information using reasonable and adequate security procedures
26         and systems that were/are compliant with industry-standard practices;

27      c.  to implement processes to quickly detect the Data Breach and to timely act
         on warnings about data breaches; and

28

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12ᵀᴴ STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

-21-

d.    to promptly notify Representative Plaintiff and Class Members of any data breach, security incident, or intrusion that affected or may have affected their PHI/PII and financial information.

88.    Defendant knew that the PHI/PII and financial information was private and confidential and should be protected as private and confidential and, thus, Defendant owed a duty of care not to subject Representative Plaintiff and Class Members to an unreasonable risk of harm because they were foreseeable and probable victims of any inadequate security practices.

89.    Defendant knew, or should have known, of the risks inherent in collecting and storing PHI/PII and financial information, the vulnerabilities of its data security systems, and the importance of adequate security. Defendant knew about numerous, well-publicized data breaches.

90.    Defendant knew, or should have known, that its data systems and networks did not adequately safeguard Representative Plaintiff's and Class Members' PHI/PII and financial information.

91.    Only Defendant was in the position to ensure that its systems and protocols were sufficient to protect the PHI/PII and financial information that Representative Plaintiff and Class Members had entrusted to it.

92.    Defendant breached its duties to Representative Plaintiff and Class Members by failing to provide fair, reasonable, or adequate computer systems and data security practices to safeguard the PHI/PII and financial information of Representative Plaintiff and Class Members.

93.    Because Defendant knew that a breach of its systems could damage thousands of individuals, including Representative Plaintiff and Class Members, Defendant had a duty to adequately protect its data systems and the PHI/PII and financial information contained thereon.

94.    Representative Plaintiff's and Class Members' willingness to entrust Defendant with their PHI/PII and financial information was predicated on the understanding that Defendant would take adequate security precautions. Moreover, only Defendant had the ability to protect its systems and the PHI/PII and financial information they stored on them from attack. Thus, Defendant had a special relationship with Representative Plaintiff and Class Members.

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

-22-

COMPLAINT FOR DAMAGES,
INJUNCTIVE AND EQUITABLE RELIEF

95.     Defendant also had independent duties under state and federal laws that required Defendant to reasonably safeguard Representative Plaintiff's and Class Members' PHI/PII and financial information and promptly notify them about the Data Breach. These "independent duties" are untethered to any contract between Defendant and Representative Plaintiff and/or the remaining Class Members.

96.     Defendant breached its general duty of care to Representative Plaintiff and Class Members in, but not necessarily limited to, the following ways:

a.      by failing to provide fair, reasonable, or adequate computer systems and data security practices to safeguard the PHI/PII and financial information of Representative Plaintiff and Class Members;

b.      by failing to timely and accurately disclose that Representative Plaintiff's and Class Members' PHI/PII and financial information had been improperly acquired or accessed;

c.      by failing to adequately protect and safeguard the PHI/PII and financial information by knowingly disregarding standard information security principles, despite obvious risks, and by allowing unmonitored and unrestricted access to unsecured PHI/PII and financial information;

d.      by failing to provide adequate supervision and oversight of the PHI/PII and financial information with which they were and are entrusted, in spite of the known risk and foreseeable likelihood of breach and misuse, which permitted an unknown third party to gather PHI/PII and financial information of Representative Plaintiff and Class Members, misuse the PHI/PII and intentionally disclose it to others without consent.

e.      by failing to adequately train its employees to not store PHI/PII and financial information longer than absolutely necessary;

f.      by failing to consistently enforce security policies aimed at protecting Representative Plaintiff's and the Class Members' PHI/PII and financial information;

g.      by failing to implement processes to quickly detect data breaches, security incidents, or intrusions; and

h.      by failing to encrypt Representative Plaintiff's and Class Members' PHI/PII and financial information and monitor user behavior and activity in order to identify possible threats.

97.     Defendant's willful failure to abide by these duties was wrongful, reckless and grossly negligent in light of the foreseeable risks and known threats.

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

-23-

98.     As a proximate and foreseeable result of Defendant's grossly negligent conduct, Representative Plaintiff and Class Members have suffered damages and are at imminent risk of additional harms and damages (as alleged above).

99.     The law further imposes an affirmative duty on Defendant to timely disclose the unauthorized access and theft of the PHI/PII and financial information to Representative Plaintiff and Class Members so that they could and/or still can take appropriate measures to mitigate damages, protect against adverse consequences and thwart future misuse of their PHI/PII and financial information.

100.     Defendant breached its duty to notify Representative Plaintiff and Class Members of the unauthorized access by waiting months after learning of the Data Breach to notify Representative Plaintiff and Class Members and then by failing and continuing to fail to provide Representative Plaintiff and Class Members sufficient information regarding the breach. To date, Defendant has not provided sufficient information to Representative Plaintiff and Class Members regarding the extent of the unauthorized access and continues to breach its disclosure obligations to Representative Plaintiff and Class Members.

101.     Further, through its failure to provide timely and clear notification of the Data Breach to Representative Plaintiff and Class Members, Defendant prevented Representative Plaintiff and Class Members from taking meaningful, proactive steps to secure their PHI/PII and financial information, and to access their medical records and histories.

102.     There is a close causal connection between Defendant's failure to implement security measures to protect the PHI/PII and financial information of Representative Plaintiff and Class Members and the harm suffered, or risk of imminent harm suffered by Representative Plaintiff and Class Members. Representative Plaintiff's and Class Members' PHI/PII and financial information was accessed as the proximate result of Defendant's failure to exercise reasonable care in safeguarding such PHI/PII and financial information by adopting, implementing, and maintaining appropriate security measures.

103.     Defendant's wrongful actions, inactions, and omissions constituted (and continue to constitute) common law negligence.

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

-24-

104.    The damages Representative Plaintiff and Class Members have suffered (as alleged above) and will suffer were and are the direct and proximate result of Defendant's grossly negligent conduct.

105.    Additionally, 15 U.S.C. §45 (FTC Act, Section 5) prohibits "unfair . . . practices in or affecting commerce," including, as interpreted and enforced by the FTC, the unfair act or practice by businesses, such as Defendant, of failing to use reasonable measures to protect PHI/PII and financial information. The FTC publications and orders described above also form part of the basis of Defendant's duty in this regard.

106.    Defendant violated 15 U.S.C. §45 by failing to use reasonable measures to protect PHI/PII and financial information and not complying with applicable industry standards, as described in detail herein. Defendant's conduct was particularly unreasonable given the nature and amount of PHI/PII and financial information it obtained and stored and the foreseeable consequences of the immense damages that would result to Representative Plaintiff and Class Members.

107.    Defendant's violation of 15 U.S.C. §45 constitutes negligence *per se*. Defendant also violated the HIPAA Privacy and Security rules which, likewise, constitutes negligence *per se*.

108.    As a direct and proximate result of Defendant's negligence and negligence *per se*, Representative Plaintiff and Class Members have suffered and will suffer injury, including but not limited to: (i) actual identity theft; (ii) the loss of the opportunity of how their PHI/PII and financial information is used; (iii) the compromise, publication, and/or theft of their PHI/PII and financial information; (iv) out-of-pocket expenses associated with the prevention, detection, and recovery from identity theft, tax fraud, and/or unauthorized use of their PHI/PII and financial information; (v) lost opportunity costs associated with effort expended and the loss of productivity addressing and attempting to mitigate the actual and future consequences of the Data Breach, including but not limited to, efforts spent researching how to prevent, detect, contest, and recover from embarrassment and identity theft; (vi) lost continuity in relation to their healthcare; (vii) the continued risk to their PHI/PII and financial information, which may remain in Defendant's possession and is subject to further unauthorized disclosures so long as Defendant fails to

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

-25-

1     undertake appropriate and adequate measures to protect Representative Plaintiff's and Class

2     Members' PHI/PII and financial information in its continued possession; and (viii) future costs in

3     terms of time, effort, and money that will be expended to prevent, detect, contest, and repair the

4     impact of the PHI/PII and financial information compromised as a result of the Data Breach for

5     the remainder of the lives of Representative Plaintiff and Class Members.

6           109.    As a direct and proximate result of Defendant's negligence and negligence *per se*,

7     Representative Plaintiff and Class Members have suffered and will continue to suffer other forms

8     of injury and/or harm, including, but not limited to, anxiety, emotional distress, loss of privacy,

9     and other economic and non-economic losses.

10          110.    Additionally, as a direct and proximate result of Defendant's negligence and

11    negligence *per se*, Representative Plaintiff and Class Members have suffered and will suffer the

12    continued risks of exposure of their PHI/PII and financial information, which remain in

13    Defendant's possession and are subject to further unauthorized disclosures so long as Defendant

14    fails to undertake appropriate and adequate measures to protect the PHI/PII and financial

15    information in its continued possession.

16

17                  **SECOND CLAIM FOR RELIEF**
                          **Invasion of Privacy**
18            **(On behalf of the Nationwide Class)**

19           111.    Each and every allegation of the preceding paragraphs is incorporated in this cause

20    of action with the same force and effect as though fully set forth herein.

21           112.    Representative Plaintiff and Class Members had a legitimate expectation of privacy

22    to their PHI/PII and financial information and were entitled to the protection of this information

23    against disclosure to unauthorized third-parties.

24           113.    Defendant owed a duty to Representative Plaintiff and Class Members to keep their

25    PHI/PII and financial information confidential.

26           114.    Defendant failed to protect and released to unknown and unauthorized third-parties

27    the PHI/PII and financial information of Representative Plaintiff and Class Members.

28

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12ᵗʰ STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

-26-

COMPLAINT FOR DAMAGES,
INJUNCTIVE AND EQUITABLE RELIEF

115.   Defendant allowed unauthorized and unknown third-parties access to and examination of the PHI/PII and financial information of Representative Plaintiff and Class Members, by way of Defendant's failure to protect the PHI/PII and financial information.

116.   The unauthorized release to, custody of, and examination by unauthorized third-parties of the PHI/PII and financial information of Representative Plaintiff and Class Members is highly offensive to a reasonable person.

117.   The unauthorized intrusion was into a place or thing which was private and is entitled to be private. Representative Plaintiff and Class Members disclosed their PHI/PII and financial information to Defendant as part of obtaining services from Defendant, but privately with an intention that the PHI/PII and financial information would be kept confidential and would be protected from unauthorized disclosure. Representative Plaintiff and Class Members were reasonable in their belief that such information would be kept private and would not be disclosed without their authorization.

118.   The Data Breach constitutes an intentional interference with Representative Plaintiff's and Class Members' interests in solitude or seclusion, either as to their persons or as to their private affairs or concerns, of a kind that would be highly offensive to a reasonable person.

119.   Defendant acted with a knowing state of mind when it permitted the Data Breach to occur because it was with actual knowledge that its information security practices were inadequate and insufficient.

120.   Because Defendant acted with this knowing state of mind, it had notice and knew the inadequate and insufficient information security practices would cause injury and harm to Representative Plaintiff and Class Members.

121.   As a proximate result of the above acts and omissions of Defendant, the PHI/PII and financial information of Representative Plaintiff and Class Members was disclosed to third-parties without authorization, causing Representative Plaintiff and Class Members to suffer damages.

122.   Unless and until enjoined, and restrained by order of this Court, Defendant's wrongful conduct will continue to cause great and irreparable injury to Representative Plaintiff

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

COMPLAINT FOR DAMAGES,
INJUNCTIVE AND EQUITABLE RELIEF

1   and Class Members in that the PHI/PII and financial information maintained by Defendant can be

2   viewed, distributed, and used by unauthorized persons for years to come. Representative Plaintiff

3   and Class Members have no adequate remedy at law for the injuries in that a judgment for

4   monetary damages will not end the invasion of privacy for Representative Plaintiff and/or Class

5   Members.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

-28-

COMPLAINT FOR DAMAGES,
INJUNCTIVE AND EQUITABLE RELIEF

**THIRD CLAIM FOR RELIEF**
**Breach of Confidence**
**(On behalf of the Nationwide Class)**

123.    Each and every allegation of the preceding paragraphs is incorporated in this cause of action with the same force and effect as though fully set forth herein.

124.    At all times during Representative Plaintiff's and Class Members' interactions with Defendant, Defendant was fully aware of the confidential nature of the PHI/PII and financial information that Representative Plaintiff and Class Members provided to them.

125.    As alleged herein and above, Defendant's relationship with Representative Plaintiff and the Classes was governed by promises and expectations that Representative Plaintiff and Class Members' PHI/PII and financial information would be collected, stored, and protected in confidence, and would not be accessed by, acquired by, appropriated by, disclosed to, encumbered by, exfiltrated by, released to, stolen by, used by, and/or viewed by unauthorized third-parties.

126.    Representative Plaintiff and Class Members provided their respective PHI/PII and financial information to Defendant with the explicit and implicit understandings that Defendant would protect and not permit the PHI/PII and financial information to be accessed by, acquired by, appropriated by, disclosed to, encumbered by, exfiltrated by, released to, stolen by, used by, and/or viewed by unauthorized third-parties.

127.    Representative Plaintiff and Class Members also provided their PHI/PII and financial information to Defendant with the explicit and implicit understanding that Defendant would take precautions to protect their PHI/PII and financial information from unauthorized access, acquisition, appropriation, disclosure, encumbrance, exfiltration, release, theft, use, and/or viewing, such as following basic principles of protecting its networks and data systems.

128.    Defendant voluntarily received, in confidence, Representative Plaintiff's and Class Members' PHI/PII and financial information with the understanding that the PHI/PII and financial information would not be accessed by, acquired by, appropriated by, disclosed to, encumbered by, exfiltrated by, released to, stolen by, used by and/or viewed by the public or any unauthorized third-parties.

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12ᵗʰ STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

-29-

COMPLAINT FOR DAMAGES,
INJUNCTIVE AND EQUITABLE RELIEF

129.    Due to Defendant's failure to prevent, detect, and avoid the Data Breach from occurring by, *inter alia*, not following best information security practices to secure Representative Plaintiff's and Class Members' PHI/PII and financial information, Representative Plaintiff's and Class Members' PHI/PII and financial information was accessed by, acquired by, appropriated by, disclosed to, encumbered by, exfiltrated by, released to, stolen by, used by and/or viewed by unauthorized third-parties beyond Representative Plaintiff's and Class Members' confidence, and without their express permission.

130.    As a direct and proximate cause of Defendant's actions and/or omissions, Representative Plaintiff and Class Members have suffered damages, as alleged herein.

131.    But for Defendant's failure to maintain and protect Representative Plaintiff's and Class Members' PHI/PII and financial information in violation of the parties' understanding of confidence, their PHI/PII and financial information would not have been accessed by, acquired by, appropriated by, disclosed to, encumbered by, exfiltrated by, released to, stolen by, used by and/or viewed by unauthorized third-parties. The Data Breach was the direct and legal cause of the misuse of Representative Plaintiff's and Class Members' PHI/PII and financial information, as well as the resulting damages.

132.    The injury and harm Representative Plaintiff and Class Members suffered and will continue to suffer was the reasonably foreseeable result of Defendant's unauthorized misuse of Representative Plaintiff's and Class Members' PHI/PII and financial information. Defendant knew its data systems and protocols for accepting and securing Representative Plaintiff's and Class Members' PHI/PII and financial information had security and other vulnerabilities that placed Representative Plaintiff's and Class Members' PHI/PII and financial information in jeopardy.

133.    As a direct and proximate result of Defendant's breaches of confidence, Representative Plaintiff and Class Members have suffered and will suffer injury, as alleged herein, including, but not limited to, (a) actual identity theft; (b) the compromise, publication, and/or theft of their PHI/PII and financial information; (c) out-of-pocket expenses associated with the prevention, detection, and recovery from identity theft and/or unauthorized use of their PHI/PII and financial information; (d) lost opportunity costs associated with effort expended and the loss

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12ᵗʰ STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

-30-

of productivity addressing and attempting to mitigate the actual and future consequences of the Data Breach, including but not limited to, efforts spent researching how to prevent, detect, contest, and recover from identity theft; (e) the continued risk to their PHI/PII and financial information, which remains in Defendant's possession and is subject to further unauthorized disclosures so long as Defendant fails to undertake appropriate and adequate measures to protect Class Members' PHI/PII and financial information in its continued possession; (f) future costs in terms of time, effort, and money that will be expended as result of the Data Breach for the remainder of the lives of Representative Plaintiff and Class Members; (g) the diminished value of Representative Plaintiff's and Class Members' PHI/PII and financial information; and (h) the diminished value of Defendant's services for which Representative Plaintiff and Class Members paid and received.

### FOURTH CLAIM FOR RELIEF
**Breach of Implied Contract**
**(On behalf of the Nationwide Class)**

134. Each and every allegation of the preceding paragraphs is incorporated in this cause of action with the same force and effect as though fully set forth herein.

135. Through its course of conduct, Defendant, Representative Plaintiff, and Class Members entered into implied contracts for Defendant to implement data security adequate to safeguard and protect the privacy of Representative Plaintiff's and Class Members' PHI/PII and financial information.

136. Defendant required Representative Plaintiff and Class Members to provide and entrust their PHI/PII and financial information as a condition of obtaining employment and/or services from Defendant.

137. Defendant solicited and invited Representative Plaintiff and Class Members to provide their PHI/PII and financial information as part of Defendant's regular business practices. Representative Plaintiff and Class Members accepted Defendant's offers and provided their PHI/PII and financial information to Defendant.

138. As a condition of being direct customers/patients/employees of Defendant, Representative Plaintiff and Class Members provided and entrusted their PHI/PII and financial

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

-31-

information to Defendant. In so doing, Representative Plaintiff and Class Members entered into implied contracts with Defendant by which Defendant agreed to safeguard and protect such non-public information, to keep such information secure and confidential, and to timely and accurately notify Representative Plaintiff and Class Members if their data had been breached and compromised or stolen.

139.    A meeting of the minds occurred when Representative Plaintiff and Class Members agreed to, and did, provide their PHI/PII and financial information to Defendant, in exchange for, amongst other things, the protection of their PHI/PII and financial information.

140.    Representative Plaintiff and Class Members fully performed their obligations under the implied contracts with Defendant.

141.    Defendant breached the implied contracts it made with Representative Plaintiff and Class Members by failing to safeguard and protect their PHI/PII and financial information and by failing to provide timely and accurate notice to them that their PHI/PII and financial information was compromised as a result of the Data Breach.

142.    As a direct and proximate result of Defendant's above-described breach of implied contract, Representative Plaintiff and Class Members have suffered (and will continue to suffer) (a) ongoing, imminent, and impending threat of identity theft crimes, fraud, and abuse, resulting in monetary loss and economic harm; (b) actual identity theft crimes, fraud, and abuse, resulting in monetary loss and economic harm; (c) loss of the confidentiality of the stolen confidential data; (d) the illegal sale of the compromised data on the dark web; (e) lost work time; and (f) other economic and non-economic harm.

### FIFTH CLAIM FOR RELIEF
**Breach of the Implied Covenant of Good Faith and Fair Dealing**
**(On behalf of the Nationwide Class)**

143.    Each and every allegation of the preceding paragraphs is incorporated in this cause of action with the same force and effect as though fully set forth herein.

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

-32-

144.    Every contract in the State of Texas has an implied covenant of good faith and fair dealing. This implied covenant is an independent duty and may be breached even when there is no breach of a contract's actual and/or express terms.

145.    Representative Plaintiff and Class Members have complied with and performed all conditions of their contracts with Defendant.

146.    Defendant breached the implied covenant of good faith and fair dealing by failing to maintain adequate computer systems and data security practices to safeguard PHI/PII and financial information, failing to timely and accurately disclose the Data Breach to Representative Plaintiff and Class Members and the continued acceptance of PHI/PII and financial information and storage of other personal information after Defendant knew, or should have known, of the security vulnerabilities of the systems that were exploited in the Data Breach.

147.    Defendant acted in bad faith and/or with malicious motive in denying Representative Plaintiff and Class Members the full benefit of their bargains as originally intended by the parties, thereby causing them injury in an amount to be determined at trial.

### SIXTH CLAIM FOR RELIEF
### Unjust Enrichment
### (On behalf of the Nationwide Class)

148.    Each and every allegation of the preceding paragraphs is incorporated in this cause of action with the same force and effect as though fully set forth herein.

149.    By its wrongful acts and omissions described herein, Defendant has obtained a benefit by unduly taking advantage of Representative Plaintiff and Class Members.

150.    Defendant, prior to and at the time Representative Plaintiff and Class Members entrusted their PHI/PII and financial information to Defendant for the purpose of obtaining health services, caused Representative Plaintiff and Class Members to reasonably believe that Defendant would keep such PHI/PII and financial information secure.

151.    Defendant was aware, or should have been aware, that reasonable patients, consumers, and employees would have wanted their PHI/PII and financial information kept secure

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

-33-

1   and would not have contracted with Defendant, directly or indirectly, had they known that

2   Defendant's information systems were sub-standard for that purpose.

3        152.   Defendant was also aware that, if the substandard condition of and vulnerabilities

4   in its information systems were disclosed, it would negatively affect Representative Plaintiff's and

5   Class Members' decisions to seek services or employment therefrom.

6        153.   Defendant failed to disclose facts pertaining to its substandard information systems,

7   defects and vulnerabilities therein before Representative Plaintiff and Class Members made their

8   decisions to make purchases, engage in commerce therewith, and seek services or information.

9   Instead, Defendant suppressed and concealed such information. By concealing and suppressing

10  that information, Defendant denied Representative Plaintiff and Class Members the ability to make

11  a rational and informed purchasing and health care decision and took undue advantage of

12  Representative Plaintiff and Class Members.

13       154.   Defendant was unjustly enriched at the expense of Representative Plaintiff and

14  Class Members. Defendant received profits, benefits, and compensation, in part, at the expense of

15  Representative Plaintiff and Class Members.  By contrast, Representative Plaintiff and Class

16  Members did not receive the benefit of their bargain because they paid for products and/or health

17  care services that did not satisfy the purposes for which they bought/sought them.

18       155.   Since Defendant's profits, benefits, and other compensation were obtained by

19  improper means, Defendant is not legally or equitably entitled to retain any of the benefits,

20  compensation or profits it realized from these transactions.

21       156.   Representative Plaintiff and Class Members seek an Order of this Court requiring

22  Defendant to refund, disgorge, and pay as restitution any profits, benefits, and other compensation

23  obtained by Defendant from its wrongful conduct and/or the establishment of a constructive trust

24  from which Representative Plaintiff and Class Members may seek restitution.

25

26

27

28

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

-34-

COMPLAINT FOR DAMAGES,
INJUNCTIVE AND EQUITABLE RELIEF

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12ᵀᴴ STREET, SUITE 1725
OAKLAND, CA 94607
TEL (510) 891-9800

### SEVENTH CLAIM FOR RELIEF
**Texas Deceptive Trade Practices Consumer Protection Act ("DTPA")**
**Business & Commerce Code § 17.46(a), (b)(5), (7), *et seq.*;**
**(On behalf of the Texas Subclass)**

157.    Each and every allegation of the preceding paragraphs is incorporated in this cause of action with the same force and effect as though fully set forth herein.

158.    Representative Plaintiff and the Texas Class Members were engaged in transactions and conduct to procure merchandise or services in connection with Defendant.

159.    Defendant engaged in transactions and conduct to procure merchandise or services on behalf of Representative Plaintiff and Class Members as defined by The Texas Deceptive Trade Practices Consumer Protection Act ("DTPA,") Bus. & C. § 17.46(a), (b)(5) and (7), *et seq.*;.

160.    Defendant engaged in trade and commerce through its acts and omissions and its course of business, including marketing, offering to sell, and selling sporting goods throughout the United States.

161.    Defendant violated the DTPA by engaging in deceptive, unfair, and unlawful trade acts or practices that were committed in Texas, while conducting trade or commerce in Texas. Defendant's violations include, but are not limited to:

    a.    failure to safeguard customer PII through data security practices and computer systems;

    b.    failure to disclose that their computer systems and data security practices were inadequate to protect PII;

    c.    A failure to notify Representative Plaintiff and Class Members in a timely manner of the data breach;

    d.    failure to stop accepting and storing PII after the Defendant knew or should have known that the vulnerabilities were exploited in a data breach;

    e.    failure to remediate the vulnerabilities that allowed the Data Breach to happen. Misrepresentation and/or omission regarding its commitment to give adequate protection to PII; and

    f.    failure to take reasonable and appropriate steps to stop and remediate unauthorized processing.

162.    These unfair acts and practices violate the duties imposed by, but not limited to, the FTCA and the DTPA.

-35-

COMPLAINT FOR DAMAGES,
INJUNCTIVE AND EQUITABLE RELIEF

163.  As a direct result of these violations, Representative Plaintiff and Class Members suffered damages. These damages include, but are not limited to:

    a.    lost time spent constantly checking their credit for unauthorized activity, which is necessary to do to protect themselves from the consequences of having their PII available on the dark web because of the Data Breach; and

    b.    other economic damage that may not be detected for years to come.

164.  Representative Plaintiff and Class Members are entitled to damages as well as injunctive relief because of Defendant's knowing violation of the DTPA. These include, but are not limited to, ordering that Defendant:

    a.    Utilize third-party security professionals to regularly test for security vulnerabilities;

    b.    Utilize third-party security professionals and internal personnel to perform automated security monitoring;

    c.    Train security personnel on how to audit and test any new or modified security protocols;

    d.    Protect data by securing it separately from other portions of the network;

    e.    Delete PII that is no longer necessary to provide services;

    f.    Conduct regular database security checks;

    g.    Provide regular training to internal security personnel on how to identify and contain a breach and what to do when a breach occurs; and

    h.    Educate class members about the threats they face now that their PII is available to unauthorized third parties and steps that patients can take to protect themselves.

165.  Representative Plaintiff bring this action on behalf of themselves and Texas Class Members for the relief requested above. This action will also protect the public from Defendant's unfair methods of competition and unfair, deceptive, fraudulent, unconscionable and unlawful practices.

166.  The deceptive practices and acts by Defendant were immoral, unethical, oppressive, and unscrupulous. The acts caused substantial injury to Representative Plaintiff and Texas Class Members that they could not reasonably avoid, and the injuries suffered outweigh any benefit to

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

COMPLAINT FOR DAMAGES,
INJUNCTIVE AND EQUITABLE RELIEF

1    patient- consumers or to competition.

2    167.    Defendant knew or should have known that the computer systems and data security

3    protocols were inadequate to store sensitive PII, which put the data at an increased risk of theft or

4    breach.

5    168.    Defendant's unfair practices and deceptive acts were negligent, knowing and

6    willful, and/or wanton and reckless.

7    169.    Representative Plaintiff and Texas Class Members seek relief under the DTPA. The

8    relief includes, but is not limited to, damages, restitution, injunction relief, and/or attorney fees

9    and costs, and any other just and proper relief.

10
11    **EIGHTH CLAIM FOR RELIEF**
       **Violation of State Data Breach Statutes**
       **(By Plaintiff on behalf of the Class)**
12
       170.    Plaintiff incorporates and realleges all allegations above as if fully set forth herein.

13    171.    This count is brought on behalf of all Class members.

14    172.    Defendant is a corporation that owns, maintains, and records PHI/PII, and

15    computerized data including PHI/PII, about its current and former patients, including Plaintiff and

16    Class members.

17    173.    Defendant is in possession of PHI/PII belonging to Plaintiff and Class members

18    and is responsible for reasonably safeguarding that PHI/PII consistent with the requirements of the

19    applicable laws pertaining hereto.

20    174.    Defendant failed to safeguard, maintain, and dispose of, as required, the PII within

21    its possession, custody, or control as discussed herein, which it was required to do by all applicable

22    State laws.

23    175.    Defendant, knowing and/or reasonably believing that Plaintiff's and Class

24    Members' PHI/PII was acquired by unauthorized persons during the Data Breach, failed to provide

25    reasonable and timely notice of the Data Breach to Plaintiff and Class members as required by

26    following data breach statutes.

27

28

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

-37-

176.    Defendant's failure to provide timely and accurate notice of the Data Breach violated the following state data breach statutes:

    a. Alaska Stat. Ann. § 45.48.010(a), et seq.;

    b. Ark. Code Ann. § 4-110-105(a), et seq.;

    c. Cal. Civ. Code § 1798.80, et seq.;

    d. Colo. Rev. Stat. Ann § 6-1-716(2), et seq.;

    e. Conn. Gen. Stat. Ann. § 36a-701b(b), et seq.;

    f. Del. Code Ann. Tit. 6 § 12B-102(a), et seq.;

    g. D.C. Code § 28-3852(a), et seq.;

    h. Fla. Stat. Ann. § 501.171(4), et seq.;

    i. Ga. Code Ann. § 10-1-912(a), et seq.;

    j. Haw. Rev. Stat. § 487N-2(a), et seq.;

    k. Idaho Code Ann. § 28-51-105(1), et seq.;

    l. Illinois Statute 815 ILCS 530/1, et seq.;

    m. Iowa Code Ann. § 715C.2(1), et seq.;

    n. Kan. Stat. Ann. § 50-7a02(a), et seq.;

    o. Ky. Rev. Stat. Ann. § 365.732(2), et seq.;

    p. La. Rev. Stat. Ann. § 51:3074(A), et seq.;

    q. Md. Code Ann., Commercial Law § 14-3504(b), et seq.;

    r. Mass. Gen. Laws Ann. Ch. 93H § 3(a), et seq.;

    s. Mich. Comp. Laws Ann. § 445.72(1), et seq.;

    t. Minn. Stat. Ann. § 325E.61(1)(a), et seq.;

    u. Mont. Code Ann. § 30-14-1704(1), et seq.;

    v. Neb. Rev. Stat. Ann. § 87-803(1), et seq.;

    w. Nev. Rev. Stat. Ann. § 603A.220(1), et seq.;

    x. N.H. Rev. Stat. Ann. § 359-C:20(1)(a), et seq.;

    y. N.J. Stat. Ann. § 56:8-163(a), et seq.;

    z. N.C. Gen. Stat. Ann. § 75-65(a), et seq.;

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

-38-

1    aa. N.D. Cent. Code Ann. § 51-30-02, et seq.;

2    bb. Okla. Stat. Ann. Tit. 24 § 163(A), et seq.;

3    cc. Or. Rev. Stat. Ann. § 646A.604(1), et seq.;

4    dd. R.I. Gen. Laws Ann. § 11-49.3-4(a)(1), et seq.;

5    ee. S.C. Code Ann. § 39-1-90(A), et seq.;

6    ff. Tenn. Code Ann. § 47-18-2107(b), et seq.;

7    gg. Tex. Bus. & Com. Code Ann. § 521.053(b), et seq.;

8    hh. Utah Code Ann. § 13-44-202(1), et seq.;

9    ii. Va. Code. Ann. § 18.2-186.6(B), et seq.;

10    jj. Wash. Rev. Code Ann. § 19.255.010(1), et seq.;

11    kk. Wis. Stat. Ann. § 134.98(2), et seq.; and

12    ll. Wyo. Stat. Ann. § 40-12-502(a), et seq.

13    177.    As a result of defendant's failure to reasonably safeguard Plaintiff's and Class

14  members' PII, and the failure to provide reasonable and timely notice of the Data Breach to

15    178.    Plaintiff and Class members, Plaintiff and the Class have been damaged as

16  described herein, continue to suffer injuries as detailed above, are subject to the continued risk of

17  exposure of their PHI/PII in Defendant's possession, and are entitled to damages in an amount to

18  be proven at trial.

19    **RELIEF SOUGHT**

20    **WHEREFORE,** Representative Plaintiff, on behalf of herself and each member of the

21  proposed National Class and the Texas Subclass, respectfully requests that the Court enter

22  judgment in their favor and for the following specific relief against Defendant as follows:

23    1.    That the Court declare, adjudge, and decree that this action is a proper class action

24  and certify each of the proposed classes and/or any other appropriate subclasses under F.R.C.P.

25  Rule 23 (b)(1), (b)(2), and/or (b)(3), including appointment of Representative Plaintiff's counsel

26  as Class Counsel;

27    2.    For an award of damages, including actual, nominal, and consequential damages,

28  as allowed by law in an amount to be determined;

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

-39-

COMPLAINT FOR DAMAGES,
INJUNCTIVE AND EQUITABLE RELIEF

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

3. That the Court enjoin Defendant, ordering them to cease and desist from unlawful activities.;

4. For equitable relief enjoining Defendant from engaging in the wrongful conduct complained of herein pertaining to the misuse and/or disclosure of Representative Plaintiff's and Class Members' PII/PHI, and from refusing to issue prompt, complete, any accurate disclosures to Representative Plaintiff and Class Members;

5. For injunctive relief requested by Representative Plaintiff, including but not limited to, injunctive and other equitable relief as is necessary to protect the interests of Representative Plaintiff and Class Members, including but not limited to an Order:

a. prohibiting Defendant from engaging in the wrongful and unlawful acts described herein;

b. requiring Defendant to protect, including through encryption, all data collected through the course of business in accordance with all applicable regulations, industry standards, and federal, state or local laws;

c. requiring Defendant to delete and purge the PII/PHI of Representative Plaintiff and Class Members unless Defendant can provide to the Court reasonable justification for the retention and use of such information when weighed against the privacy interests of Representative Plaintiff and Class Members;

d. requiring Defendant to implement and maintain a comprehensive Information Security Program designed to protect the confidentiality and integrity of Representative Plaintiff's and Class Members' PII/PHI;

e. requiring Defendant to engage independent third-party security auditors and internal personnel to run automated security monitoring, simulated attacks, penetration tests, and audits on Defendant's systems on a periodic basis;

f. prohibiting Defendant from maintaining Representative Plaintiff's and Class Members' PII/PHI on a cloud-based database;

g. requiring Defendant to segment data by creating firewalls and access controls so that, if one area of Defendant's network is compromised, hackers cannot gain access to other portions of Defendant's systems;

h. requiring Defendant to conduct regular database scanning and securing checks;

i. requiring Defendant to establish an information security training program that includes at least annual information security training for all employees, with additional training to be provided as appropriate based upon the employees' respective responsibilities with handling PII/PHI, as well as protecting the PII/PHI of Representative Plaintiff and Class Members;

-40-

COMPLAINT FOR DAMAGES,
INJUNCTIVE AND EQUITABLE RELIEF

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

j.    requiring Defendant to implement a system of tests to assess its respective employees' knowledge of the education programs discussed in the preceding subparagraphs, as well as randomly and periodically testing employees' compliance with Defendant's policies, programs, and systems for protecting personal identifying information;

k.    requiring Defendant to implement, maintain, review, and revise as necessary a threat management program to appropriately monitor Defendant's networks for internal and external threats, and assess whether monitoring tools are properly configured, tested, and updated;

l.    requiring Defendant to meaningfully educate all Class Members about the threats that they face as a result of the loss of their confidential personal identifying information to third parties, as well as the steps affected individuals must take to protect themselves.

6.    For prejudgment interest on all amounts awarded, at the prevailing legal rate;

7.    For an award of attorneys' fees, costs, and litigation expenses, as allowed by law;

8.    For all other Orders, findings, and determinations identified and sought in this Complaint.

## JURY DEMAND

Representative Plaintiff, individually and on behalf of the Plaintiff Class(es) and/or Subclass(es), hereby demands a trial by jury for all issues triable by jury.

Dated: August 25, 2022          **COLE & VAN NOTE**

By: */s/ Julia Deutsch*
Julia Deutsch, Esq. (*pro hac vice* forthcoming)
Attorneys for Representative Plaintiff
and the Plaintiff Classes

-41-

COMPLAINT FOR DAMAGES,
INJUNCTIVE AND EQUITABLE RELIEF